IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IDA M. PINKSTON,

                Plaintiff,

v.                              1:07-cv-1197-WSD-RGV

ATLANTA REGIONAL
COMMISSION,

                Defendant.

**OPINION AND ORDER**

This matter is before the Court on the Magistrate Judge's Non-Final Report and Recommendation ("R&R") [20] regarding Defendant Atlanta Regional Commission's ("Defendant") Motion to Set Aside Default and Motion to Dismiss, and Plaintiff Ida M. Pinkston's ("Pinkston") Motion for Extension of Time to Obtain Counsel. Also before the Court is Pinkston's Objection to Magistrate's Order [21].

**I.    BACKGROUND**

Pinkston is a former employee of Defendant. While employed by Defendant, she held a real estate license, and sold real estate on the weekends and after work. Pinkston claims she disclosed to Defendant at the time she was hired

that she sold real estate during her off-work hours.  After she had worked for Defendant for some period, Pinkston claims Defendant told her that her real estate business violated its conflict of interest rules and that she must either deactivate her real estate license or to resign from her employment with Defendant.  Pinkston failed to deactivate her license and was terminated.  On May 16, 2007, Pinkston filed the present suit, alleging that she was terminated because of her race.  Pinkston also alleges Defendant's conflict of interest rules were enforced discriminatorily.

On June 18, 2007, Pinkston filed a return of service stating that Defendant had been served with the complaint on June 12, 2007.  An affidavit supporting the return of service stated that process server Donnie L. Edwards ("Edwards") had served process on "authorized agent" Robin Rutherford ("Rutherford") at Defendant's office.  By July 12, 2007, Defendant had not filed an answer, and Pinkston moved for Clerk's Entry of Default.  The Clerk entered default on July 13, 2007.

On July 17, 2007, Defendant moved to set aside the clerk's entry of default, claiming it had not yet been served with process.  Defendant filed an affidavit signed by Rutherford stating that Edwards had not served her.  Defendant also

stated that, as a mere assistant to the Executive Director, Rutherford was not authorized to accept service. Defendant stated Edwards left service of process with Defendant's receptionist, who is not authorized to accept service. Defendant stated it was willing to waive service if the Court sets aside the entry of default.

Pinkston opposed Defendant's motion to set aside default, claiming Edwards had perfected service on Rutherford, and that as an assistant to Defendants' Executive Director, Rutherford was a proper party to receive service. Edwards filed an affidavit stating Rutherford volunteered to accept service on behalf of the Executive Director.

Also on July 17, 2007, Defendant moved to dismiss the complaint. Pinkston failed to oppose the motion. On September 4, 2007, Pinkston filed a motion for extension of time to obtain counsel. On September 12, 2007, an attorney appeared for Pinkston in this matter, and filed a notice requesting the Magistrate Judge to defer ruling on Defendant's motions to set aside default and to dismiss until he could review the briefs. On September 14, 2007, the Magistrate Judge issued an R&R that: (i) denied Defendant's Motion to Dismiss; (ii) granted Defendant's Motion to Set Aside Default; and (iii) denied Pinkston's requests for an extension

of time and to defer ruling. On September 24, 2007, Pinkston filed an objection to the R&R.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(A) and Rule 72 of the Federal Rules of Civil Procedure, the Court reviews non-dispositive findings and recommendations by a magistrate judge for clear error. The R&R's decision to set aside the clerk's entry of default was not dispositive or potentially dispositive, because no judgment had been entered. See SLC Turnberry, Ltd. v. The American Golfer, Inc., 240 F.R.D. 50 (D.Conn. 2007) (finding a motion to vacate default *judgment* subject to de novo review as "potentially dispositive"). The Court therefore reviews the R&R's findings on Defendant's motion to set aside default and Pinkston's motions for extension of time and to defer ruling for clear error.

Recommendations on dispositive motions are reviewed for plain error, pursuant to 28 U.S.C. § 636(b)(1)(B). If a party objects to a recommendation on a dispositive motion, the Court reviews the objected-to portion of the R&R *de novo*. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983). Because Defendant did not object to the R&R's denial of its motion to dismiss, the Court reviews that portion of the R&R for plain error.

### III.   DISCUSSION

The R&R carefully considered Defendant's motion to dismiss, and, even though Pinkston failed to oppose it, decided it on the merits in her favor. The Court finds no plain error in the R&R's finding that Defendant's motion to dismiss should be denied.

Pinkston objects only to the R&R's non-dispositive recommendations to set aside the clerk's entry of default and to deny her requests for a time extension or to defer ruling. Pinkston's grounds for objection are that the R&R:

> (1) . . . fails even to mention the indication of perjury in the evidence submitted by Defendant . . . (2) the absence of any evidence or even explanation by Defendant for the delay which resulted in the default; or (3) the fact that Defendant pressed against the *pro se* Plaintiff an interpretation of the applicable service of process statute which is irreconcilable with controlling authority that Defendant did not mention.

(Pls. Obj. at 1-2.)

After reviewing the contradictory, mutually exclusive affidavits regarding service of process, and in light of Defendant's willingness to waive process, the Magistrate Judge declined to rule on the issue of whether Defendant had been properly served. The Magistrate Judge instead assumed that process had been

properly served, and focused his analysis on whether Defendant had shown good cause to set aside the entry of default.  There was no clear error in this analysis.

Rule 55 of the Federal Rules of Civil Procedure allows the Court to set aside entry of default upon a showing of "good cause." Fed. R. Civ. P. 55(c).  Courts generally consider several factors in determining whether a party in default has made the requisite showing, including: (1) whether the default was culpable or willful, (2) whether setting aside the default would prejudice the adversary, (3) whether the defaulting party presents a meritorious defense, (4) whether the public interest is implicated, (5) whether there was significant financial loss to the defaulting party, and (6) whether the defaulting party acted promptly to correct the default.  Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996).  These factors are, however, not "talismanic."  Id.  Defaults are not favored, but are reserved for rare occasions.  Fla. Physician's Ins. Co., Inc. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993).

There was no clear error in the R&R's statement or application of the law.  The R&R found that Defendant had shown good cause to set aside the default because: (i) there was no evidence that the default was willful or culpable, and Defendant's actions did not exhibit disregard for the judicial proceedings;

(ii) Pinkston would not be prejudiced by setting aside the default; (iii) Defendant presented meritorious defenses to Pinkston's complaint; (iv) the public interest was served by deciding the case on the merits; (v) there would be a significant financial loss to Defendant if default judgment were entered; and (vi) Defendant acted almost immediately to correct the default.  The Court finds no clear error in these conclusions.

The Court also finds no clear error in the R&R's denial of Pinkston's motion for extension of time and motion to defer ruling.  Pinkston's motions were intended to give her time to obtain counsel to respond to Defendant's motions to dismiss and to set aside default.  Although the Magistrate Judge denied Pinkston's motions, leaving the motion to dismiss unopposed, the R&R fully considered the motion to dismiss on its merits, and, ultimately, decided it in her favor.  As to the motion to set aside default, Pinkston fully briefed her opposition to the Magistrate Judge, and the Court has considered this issue again, taking her objections filed by counsel into account.  There is no clear error in the R&R's recommendation to deny these motions.

## IV.   CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Pinkston's Objection to Report and Recommendation of the United States Magistrate Judge [21] is **OVERRULED**.

**IT IS FURTHER ORDERED** the Court **ADOPTS AS ITS ORDER** the Magistrate Judge's Non-Final Report and Recommendation [20] as supplemented by this Order.

**SO ORDERED** this 27th day of November, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE